UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID HOLTON, individually and
on behalf of all others similarly situated,

        Plaintiff,

vs.                                  CASE NO.:

EXP REALTY, LLC,

        Defendant.
_____

## NOTICE OF REMOVAL

Defendant eXp Realty, LLC ("eXp" or "Defendant"), by counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), removes the above-captioned civil action currently pending in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida to the United States District Court for the Middle District of Florida, Tampa Division. In support of this Notice of Removal, Defendant states:

### I.   BACKGROUND AND PROCEDURAL POSTURE

1. On February 27, 2023, Plaintiff David Holton ("Plaintiff") filed a putative class action Complaint against eXp in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, styled *David Holton, individually and on behalf of all others similarly situated v. eXp Realty, LLC*, No. 53-2023-CA-000662 ("State Court Action"). Plaintiff alleges eXp uses an automated system to send unsolicited "telemarketing" material via text message to those who have not provided

consent in violation of the Florida Telephone Solicitation Act, Fla. Stat. §§ 501.059, *et seq.* ("FTSA"). Compl. ¶¶ 2, 17.

2. Contemporaneously with filing the Complaint, Plaintiff also filed a Motion for Class Certification seeking to certify a class consisting of "All persons within Florida who were sent more than one text message regarding Defendant's property, goods, and/or services using the same equipment or type of equipment utilized to call Plaintiff." Cert. Mtn. § II.

3. On or about March 2, 2023, eXp was served with a copy of the Summons and Complaint, which is the initial pleading setting forth the claims for relief upon which this removal is based.

4. Removal of this Complaint is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after eXp was served with the initial pleading on March 2, 2023.

5. The United States District Court for the Middle District of Florida, Tampa Division, is the district and division within which this action is pending under 28 U.S.C. §§ 1441(a), 1446(a), and is, therefore, the proper venue for this action. *See also* M.D. Fla. L.R. 1.04(a) & 1.06(a).

6. In accordance with 28 U.S.C. § 1446(a) and Local Rule 1.06(b), eXp is filing legible copies of "all process, pleadings, and orders" that have been docketed in the State Court Action as attachments to this Notice of Removal.

7. Pursuant to 28 U.S.C. § 1446(d), eXp has given written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff's counsel.

eXp is also contemporaneously filing a copy of this Notice of Removal in the State Court Action.

8. As set forth below, this case is properly removed to this Court because this Court has jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453 ("CAFA").

## II. GROUNDS FOR REMOVAL UNDER CAFA

9. There is no presumption against removal under CAFA, "which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

10. Based on the Complaint's allegations and the removal exhibits, including Plaintiff's Motion for Class Certification, this Court has subject matter jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d), as: (i) the putative class consists of at least 100 proposed class members, § 1332(d)(5)(B); (ii) the citizenship of at least one putative class member is different from that of eXp, § 1332(d)(2)(A); and (iii) the aggregate amount placed in controversy by the claims of Plaintiff and the putative class members exceeds $5,000,000, exclusive of interest and costs, § 1332(d)(2). *See S. Fla. Wellness v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014).

### A. The Putative Class Consists of at Least 100 Proposed Class Members

11. To qualify for removal under 28 U.S.C. § 1332(d)(2), eXp must first establish Plaintiff's putative class contains 100 or more members. *See* 28 U.S.C. § 1332(d)(5)(B).

12. Plaintiff purports to bring this action on behalf of "All persons in Florida who, (1) were sent a [sic] more than one text message regarding Defendant's property, goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) from July 1, 2021 through the date of class certification." Compl. ¶ 36.

13. Although Plaintiff at first alleges that the number of class members is "at least 50 persons," *see* Compl. ¶ 38, Plaintiff also alleges that the "class size rang[es] well over 40, *and likely into the thousands*." Cert. Motion § V.A. (emphasis added). Thus, given Plaintiff's estimation of "thousands" of class members, the aggregate number of putative class members is at least 100 for purposes of § 1332(d)(5)(B). *Perret v. Wyndham Vacation Resorts, Inc.*, No. 11-CV-61904, 2012 WL 592171, at *2 (S.D. Fla. Feb. 22, 2012) (concluding plaintiff's allegation that "potentially thousands" of class members existed was sufficient on its face to establish jurisdiction in case removed under CAFA).

B. **The Citizenship of at Least One Putative Class Member is Different from that of eXp**

14. Minimal diversity of citizenship, as required by CAFA, exists between eXp and Plaintiff and/or the putative class members. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring that "any member of a class of plaintiffs [be] a citizen of a State different from any defendant"). Further, Defendant is not a citizen of the State of Florida, where this action was originally filed. *See* 28 U.S.C. § 1332(d)(4).

15. Plaintiff is and was at all relevant times a Florida resident domiciled in

Polk County, Florida. Compl. ¶ 5 ("Plaintiff is, and at all times relevant hereto was, a citizen and resident of Polk County, Florida"); *see also Beach Terrace Condo. Ass'n, Inc. v. Goldring Investments, Inc.*, No. 8:15-CV-1117-T-33TBM, 2015 WL 3770401, at *1 (M.D. Fla. June 17, 2015) ("there is a presumption that the state in which a person resides at any given time is also that person's domicile") (internal citations and quotation marks omitted). Therefore, Plaintiff is a Florida citizen for diversity jurisdiction purposes. *See, e.g., Huchon v. Jankowski*, No. 06-10094-CIV, 2007 WL 221421, at *2 (S.D. Fla. Jan. 25, 2007) (finding defendant properly alleged plaintiff's citizenship by asserting in notice of removal plaintiff "was and is a Florida resident domiciled in Monroe County, Florida").

16. eXp is a Washington limited liability company with its principal place of business in the State of Washington. Plaintiff himself admits eXp is a "foreign corporation." Compl. ¶ 7 ("Defendant is, and at all times relevant hereto was, a foreign corporation . . . ."); *see also Katz v. J.C. Penney Corp., Inc.*, 09-CV-60067, 2009 WL 1532129, at *2 (S.D. Fla. June 1, 2009) (plaintiff's identification of defendant as a "foreign corporation" sufficient to establish diversity). eXp's sole member is eXp Realty Holdings, Inc., a Washington corporation, with its principal place of business in the State of Washington. Thus, Defendant is a citizen of the State of Washington. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen.").

17. Because Plaintiff (a Florida citizen) is diverse from eXp (a Washington citizen), the required minimal diversity exists under § 1332(d)(2)(A).

### C. The Aggregate Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs

18. Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Plaintiff's putative class claims meet this jurisdictional threshold.

19. The amount in controversy is "an estimate of how much will be put at issue during the litigation," rather than "a prediction of how much the plaintiffs are ultimately likely to recover." *S. Fla. Wellness,* 745 F.3d at 1315 (internal citations and quotation marks omitted). Defendant's "notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*, 574 U.S. at 89 (emphasis added).

20. Although Plaintiff does not specify the amount of damages he seeks, this Court should consider the discretionary $1,500 maximum amount per violation in calculating the amount in controversy. *See* § 501.059(10)(b). Here, Plaintiff alleges that each class member is entitled to "$500.00-$1,500.00 in individual damages." Cert. Mtn. § I. The maximum amount per violation is $1,500 because under subsection (10)(b), "[i]f the court finds that the defendant willfully *or knowingly* violated" the statute, "the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under paragraph (a),"

i.e., actual damages or $500.00, whichever is greater. § 501.059(10)(b) (emphasis added). Indeed, Plaintiff himself asserts that treble damages are available if eXp's alleged violations were knowing and/or willful, *see* Cert. Mtn. § I, and the Complaint affirmatively alleges eXp "made *and/or knowingly allowed* the telephonic sales calls to be made to Plaintiff and the Class members." Compl. ¶¶ 51-52 (emphasis added). Accordingly, calculating damages at $1,500 per violation "is a reasonable extrapolation" for the purpose of the amount in controversy. *See, e.g.*, *Calta v. Vision Solar FL, LLC*, 8:22-CV-897-CEH-MRM, 2022 WL 17730114, at *3 (M.D. Fla. Dec. 16, 2022) (finding that calculating damages of $1500 per FTSA violation "is a reasonable extrapolation from the Complaint for the purpose of the amount in controversy" where the plaintiff affirmatively alleged in its complaint that the defendant acted willfully and knowingly, therefore placing damages at $1500 per violation in controversy).

21. Given the Class definition as framed by Plaintiff, it is also a reasonable extrapolation that each class member would have at least two claims. Plaintiff explicitly seeks to represent a putative class of Florida persons who "were sent a [sic] *more than one text message* . . . ." Compl. ¶ 36; *see also* Cert. Mtn. § II (defining the putative class as "All persons within Florida who were sent *more than one text message* regarding Defendant's property, goods, and/or services using the same equipment or type of equipment utilized to call Plaintiff."). And Plaintiff himself alleges that he received two text messages. Compl. ¶ 11.

22. With a reasonable extrapolation of $3,000 in damages per class member, the class size would have to include, at a minimum, 1,667 members. Plaintiff himself alleges that the class size in this case is "well over 40, *and likely into the thousands.*" Cert. Motion § V.A. (emphasis added). Indeed, Plaintiff's estimation of thousands of class members is more than reasonably plausible, as there at least 97 active eXp branches in the State of Florida. *See Licensee Search "eXp Realty, LLC"*, FLA. DEPT. OF BUS. & PROF. REG., https://www.myfloridalicense.com/wl11.asp?mode=0&SID= (last visited Apr. 3, 2023).[1] And, with more than 9,000 active agents in the State of Florida, "thousands" of class members would amount to less than one text message per agent. *See generally Find An Agent*, EXP REALTY, https://exprealty.com/agents/?page=1&country=US (showing over 75,000 agents nationwide) (last visited Apr. 3, 2023).

23. Given the reasonable extrapolation of $3,000 in damages per class member, and based on Plaintiff's own allegation that the size of the class is "well over 40, *and likely into the thousands,*" Cert. Motion § V.A (emphasis added), it is reasonably plausible that the aggregate amount in controversy exceeds the $5,000,000 threshold under CAFA. *See* 28 U.S.C. § 1332(d)(2).

---

[1] In reviewing whether the jurisdictional threshold has been met, this Court may properly consider information from a publicly available website. *See, e.g.*, *Katz*, 2009 WL 1532129, at *2 (rejecting plaintiff's challenge to defendant's reliance on a Broward County Property Report copied from the Broward County Property Appraiser's website).

24. In sum, as (i) the putative class has greater than 100 members, (ii) there is minimal diversity between the parties, and (iii) the amount in controversy exceeds $5,000,000, this case is properly removed to this Court pursuant to CAFA, 28 U.S.C. §§ 1332(d), 1453.

## III. RESERVATION OF RIGHTS

25. In filing this Notice of Removal, Defendant does not waive and expressly reserves any defenses, exceptions, rights, and motions, including any right to compel arbitration. *See, e.g.*, *Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 675 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses"); *Vanwechel v. Regions Bank*, 8:17-CV-738-T-23AAS, 2017 WL 1683665, at *2 (M.D. Fla. May 3, 2017) (filing notice of removal did not waive right to compel arbitration); *Zahm v. OneWest Bank, N.A.*, 8:15-CV-765-T-30TBM, 2015 WL 2095644, at *2 (M.D. Fla. May 5, 2015) (same). No statement or omission in this Notice shall be deemed an admission of any of allegations of or damages sought in the Complaint. Similarly, by filing this Notice of Removal, Defendant does not agree class certification is appropriate and reserves all defenses and arguments concerning same.

26. Defendant further reserves the right to supplement the evidence of the amount in controversy should this Court so require or should Plaintiff contest it. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount

is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

WHEREFORE, Defendant eXp Realty, LLC respectfully requests that the above-captioned action now pending in the Tenth Judicial Circuit in and for Polk County, Florida, be removed to the United States District Court for the Middle District of Florida, Tampa Division, and that said Court assume exclusive jurisdiction of this action and enter such other and further relief as may be necessary.

DATED: April 3, 2023

McGUIREWOODS LLP

/s/ Sara F. Holladay
Sara F. Holladay
Florida Bar No. 0026225
Emily Y. Rottmann
Florida Bar No. 093154
Kathleen D. Dackiewicz
Florida Bar No. 1003294
sholladay@mcguirewoods.com
erottmann@mcguirewoods.com
kdackiewicz@mcguirewoods.com
clambert@mcguirewoods.com
flservice@mcguirewoods.com
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3224
(904) 798-3207 (fax)

*Attorneys for Defendant eXp Realty, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a copy of the foregoing was furnished by E-mail on April 3, 2023, to the following:

Manuel S. Hiraldo, Esq.
Hiraldo P.A.
401 E. Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL  33301
mhiraldo@hiraldolaw.com

Jibrael S. Hindi, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Ft. Lauderdale, FL  33301
jibrael@jibraellaw.com
bryon@jibraellaw.com

*Attorneys for Plaintiff David Holton*

                                     */s/ Sara F. Holladay*
                                       Attorney